# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| KURT MCCLENDON, | ) |
| Plaintiff | ) ) ) |
| v. | ) No. 1:04CV141 HEA |
| LAURA VANCE, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendants French and Lizenbee's Amended Motion for Summary Judgment, [# 15].[1] Plaintiff has filed a response to this motion, and defendants have filed a reply. For the reasons set forth below, the Motion for Summary Judgment is granted.

## Facts and Background

Plaintiff is an inmate at the Southeast Correctional Center. Plaintiff's Complaint alleges that he has a history of diabetes that began when he was eight years old. In his complaint, plaintiff alleges that he was not adequately cared for in terms of his diabetic condition while he was in Administrative Segregation starting on September 5, 2003.

---

[1] All other defendants have been previously dismissed from this action. See Memorandum and Order dated November 29, 2004.

Plaintiff further alleges with respect to defendant French, that on October 7, 2003, at 3:30 a.m., while he was housed in Administrative Segregation, he experienced the following symptoms: extreme drowsy feeling, flushed face, loss of appetite, nausea, fatigue, and was falling in and out of consciousness. Plaintiff states that he recognized this as having low blood sugar and informed staff by activating the "emergency medical button" in his cell. In response, Officer Walters came to see what the problem was and plaintiff informed him that he needed "immediate medical attention."

Plaintiff further alleges that he was told by Walters that he (Walters) had relayed the information to the bubble officer CO I McKay and that they had called medical; that they were told by defendant French that medical nurses were not responding to this emergency; that plaintiff would have to wait until they came to make their scheduled rounds for diabetics at which time they would check plaintiff's blood sugar., approximately two hours later. The Complaint further alleged plaintiff retrieved some sugar from another inmate at approximately 4:30 a.m. and that at 5:40 a.m. the nurses came to administer plaintiff's insulin and check his blood sugar.

With respect to defendant Lizenbee, plaintiff's Complaint alleges that on November 23, 2003, at approximately 3:15 p.m., defendant Lizenbee was making her rounds to check diabetic inmates' blood sugar with a glucometer. Plaintiff

alleges that the lancet used to prick his finger was defective and informed Lizenbee of the defect. Plaintiff alleges that she responded that it was the only one she brought and that she was not going to go back to get another one. Plaintiff alleges that Lizenbee then left without giving him his medication.

The Complaint alleges that the actions of defendants French and Lizenbee caused an excessive risk to plaintiff's health, "resulting in his substantial harm and permanent damage to his heart, kidneys, eyes, and blood circulation of other vital organs."

In their motion for summary judgment, defendants submit the following undisputed facts regarding plaintiff's medical treatment at the institution regarding these defendants:

Defendant Lizenbee is a licensed practical nurse. She has worked for Correctional Medical Services, a private entity providing medical care to inmates within the Missouri Department of Corrections, since June 9, 2000. Since June 6, 2001, Lizenbee has worked at the Southeast Correctional Center. Defendant French is a registered nurse. She has worked for Correctional Medical Services at the Southeast Correctional Center since June 2, 2003. Neither defendant is an employee of the Missouri Department of Corrections.

The uncontroverted facts establish that plaintiff was evaluated on numerous

occasions before and after the alleged incidents. On October 7, 2003, at approximately 5:30 a.m., a non-defendant nurse noted that during the scheduled morning blood sugar check, plaintiff's blood sugar was low at 50 and he was given a carton of lemon flavored drink and his blood sugar was rechecked and noted to be improved at 70. The non-defendant nurse noted that plaintiff had no signs or symptoms of distress and was yelling loudly during the encounter.

On November 23, 2003, defendant Lizenbee evaluated plaintiff for daily evening blood sugar check and insulin. Lizenbee noted that plaintiff was given supplies for checking his blood sugar and taking his insulin. She also noted that plaintiff removed the safety cap from the testing lancet and then claimed the lancet was used. She further noted that plaintiff refused to complete his testing or take his insulin and was yelling during the encounter.[2]

Nothing in plaintiff's medical record supports any adverse effect on plaintiff

## Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court views the facts and inferences

---

[2] The undisputed material facts set forth a number of occasions wherein plaintiff declared a medical emergency and it was found that his blood sugar was within the normal range. On those occasions where plaintiff claimed his blood sugar was low, he was given food or drink in order to raise it. Furthermore, the record establishes that on several occasions, refused to have his blood sugar checked and/or his insulin.

- 4 -

from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Employers Mut. Cas. Co. v. Wendland & Utz,* Ltd, 351 F.3d 890, 893-4 (8th Cir. 2003); *Enter. Bank v. Magna Bank* 92 F.3d 743, 747 (8th Cir. 1996). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enter. Bank*, 92 F.3d at 747. Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. With these standards in mind, the Court reviews the facts in this case.

## **Discussion**

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Wison v. Seiter*, 501 U.S. 294, 298 (1991)." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). To prevail on a deliberate

indifference claim against defendant, plaintiff must show he suffered from a serious medical need and defendants knew of, yet disregarded, the need. *See Harts field v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000); *Roberson v. Bradshaw,* 198 F.3d 645, 647 (8th Cir.1999).

Plaintiff has failed to create any genuine issues of material fact regarding his Eighth Amendment claims against defendant. While plaintiff's claims may satisfy the objective aspect of the two prong test showing that he has serious medical needs, see *Roberson*, 198 F.3d at 648 (need or deprivation alleged must be either obvious to a layperson or supported by medical evidence, like physician's diagnosis), plaintiff cannot prove that defendants knew of the serious medical needs and deliberately disregarded them. The subjective element of an Eighth Amendment claim requires that an official act with deliberate indifference to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 835-36 (1994). "Deliberate indifference" entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*, at 837. See also, *Bender v. Regie,* 385 F.3d 1133, 1137 (8th Cir. 2004).

Defendants have submitted the declarations of defendants and Dr. Elizabeth

Conley in support of their motion for summary judgment. Dr. Conley is a licensed physician who determined from her review of the medical records that neither defendant treated plaintiff with deliberate indifference. In that neither defendant is a physician, neither defendant could diagnose illnesses nor prescribe treatment for such. Furthermore, Dr. Conley testifies that the medical record does not support, suggest or contain any verifiable medical evidence of any adverse effect from the alleged two hour delay of receiving insulin nor does the medical record support, suggest or contain any verifiable medical evidence of any adverse effect on plaintiff for not having been tested on November 23, 2003.

Plaintiff has submitted the affidavits of Eric Kirkman, Travis Wilhite and Jeremy Walter. Plaintiff has also submitted a copy of his grievance and grievance appeal regarding the incident involving defendant Lizenbee. The affidavits from Wilhite and Walter, however, are based on hearsay regarding their passing information on to Officer McKay. These affidavits present no admissible evidence of deliberate indifference under the required standards. Even though the affidavit of Officer Kirkman is based on his own observations, he does not state that plaintiff showed any outward signs of an urgent situation. Furthermore, plaintiff has failed to produce any medical evidence of any effect as a result of either defendants action. Dr. Conley has given her medical opinion that the medical record contains no

verifiable medical evidence of any adverse effect from the alleged incidents. "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." *Dulany*, 132 F.3d at 1234.

Although plaintiff presents the grievance and grievance appeal which show that defendant Lizenbee was disciplined for her actions, such discipline cannot establish deliberate indifference. The standard for deliberate indifference requires a showing that the defendant knew of plaintiff's condition and disregarded it. Defendant Lizenbee presented plaintiff with his medical supplies for testing during her check. From the record before the Court, plaintiff has failed to establish that defendant Lizenbee's conduct rose to this level, particularly in light of Dr. Conley's determination from the record that Lizenbee did not treat plaintiff with deliberate indifference. *Dulany*, 132 F.3d at 1234.

## **Conclusion**

Based upon the foregoing analysis, there exists no genuine issue of material fact and therefore, pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment, [# 15], is granted.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 8th day of July, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE